1  J. CHRISTOPHER JORGENSEN, ESQ.
   STATE BAR NO. 5382
2  DIANA S. ERB, ESQ.
   STATE BAR NO. 10580
3  LEWIS AND ROCA LLP
   3993 Howard Hughes Pkwy., Ste. 600
4  Las Vegas, NV  89169
   (702) 949-8200
5  (702) 949-8398/fax

6  Attorneys for Defendant Mortgage
   Electronic Registration Systems, Inc.
7

8                  UNITED STATES DISTRICT COURT

9                  FOR THE DISTRICT OF NEVADA

   CONNIE W. KWOK,                      Case:
10
                          Plaintiff,
11
                                        **PETITION FOR REMOVAL OF CIVIL**
12     vs.                              **ACTION**

13  RECONTRUST COMPANY, N.A.; BANK OF
    AMERICA; BAC HOME LOANS
14  SERVICING, LP; MORTGAGE
    ELECTRONIC REGISTRATION SYSTEMS,
15  INC.; COUNTRYWIDE HOME LOANS,
    INC.,
16
                          Defendants.

17  TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF NEVADA:
18
          The removing party, Mortgage Electronic Registration Systems, Inc. ("MERS" or
19
20  "Defendant"), respectfully shows:

21          1.      MERS is a Defendant in the above-entitled action.

22          2.      That the above-entitled action was commenced in the Eighth Judicial District Court

23  of the State of Nevada, in and for the County of Clark, and is now pending in that Court under the

24  designated Case No. A-09-602928-C, Department XIII.

25          3.      Process was served on MERS on February 1, 2010.

26          4.      This case involves claims by Plaintiff that the Defendants improperly processed,

27
28  serviced and transferred her home mortgage loan.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

                                       -1-                                      444762

This case is one of many that have recently been filed across the country by homeowners seeking to simply stall or delay foreclosure proceedings after the plaintiffs have long stopped making the required mortgage payments.

5.      This Petition for Removal is timely and proper under 28 U.S.C. §1446(b) because it is being filed within thirty days after MERS was served with a copy of Plaintiff's state court Complaint and within one year from when Plaintiff commenced her state court action.

6.      Diversity jurisdiction under 28 U.S.C. §1332 exists because this action is between citizens of different states and/or countries and the amount in controversy exceeds $75,000.

7.      Plaintiff is a citizen of Nevada. Defendants are foreign entities.

8.      The amount in controversy exceeds $75,000. Plaintiff is seeking to void the real estate contract she signed when she purchased her home. Her Complaint is similar to many other complaints filed nationwide by homeowners facing foreclosure. Plaintiff's Complaint appears to allege that somehow the purchase money for the home, and subject to the mortgage contract, never actually changed hands. This type of complaint demonstrates a willful ignorance of how the act of borrowing money for a mortgage actually occurs.

9.      The removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). If it is "'facially apparent' from the complaint that the plaintiff seeks damages sufficient to create federal jurisdiction, then the case should be remanded 'only if it appears to a legal certainty that the claim is actually for less than the jurisdictional minimum.'" *Davis v. Advanced Care Techs., Inc.*, 2007 U.S. Dist. LEXIS 32348 at *3 (E.D. Cal. 2007) (quoting *Singer*, 116 F.3d at 376); *see also Campbell v. Bridgestone/Firestone, Inc.*, 2006 U.S. Dist. LEXIS 16113 at *7 (E.D. Cal. 2006) (in products liability suit, amount-in-controversy requirement was satisfied where plaintiff sought unspecified amount of compensatory damages for wage loss, hospital and medical expenses, general damages, and loss of earning capacity); *Yong v.*

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

*Hyatt Regency Sacramento*, 2007 U.S. Dist. LEXIS 9492 at *3-4 (E.D. Cal. 2007) (where plaintiff asserted a discrimination claim seeking "compensatory damages, emotional distress damages, punitive damages, and attorneys fees," the amount in controversy was well above the jurisdictional requirement solely "by nature of [the plaintiff's] claims"). Here, given the damages sought by Plaintiff where Plaintiff is seeking to void a real estate contract, it is facially apparent from her Complaint that the amount in controversy exceeds $75,000.

10.   This action may be properly removed to this Court under 28 U.S.C. §1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. §§1332 and 1367, and because this action was commenced within the judicial district of the United States District Court for the District of Nevada.

11.   Copies of all process, pleadings and other orders served upon MERS are attached hereto.

12.   A true and correct copy of this Petition for Removal will be provided to Plaintiff and filed with the Clerk of the Eighth Judicial District Court of the State of Nevada, Department XXIII.

WHEREFORE, Defendant prays that this action be removed.

DATED this _17_ day of February, 2010.

LEWIS AND ROCA LLP

By _____
J. CHRISTOPHER JORGENSEN, ESQ.
STATE BAR NO. 5382
DIANA S. ERB, ESQ.
STATE BAR NO. 10580
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV  89169
Attorneys for Defendant MERS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made on the _18_ day of February, 2010 by depositing a copy for mailing, first class mail, postage prepaid, at Las Vegas, Nevada, to the following:

Edward G. Marshall, Esq.
324 So. Third Street, #2
Las Vegas, NV 89101
Attorney for Plaintiff

_____
an employee of Lewis and Roca LLP

JMM

# District Court
## CLARK COUNTY, NEVADA

**FILED**

NOV 0 4 2009

*[signature]*
CLERK OF COURT



CONNIE W. KWOK, Plaintiff,
vs.

RECONTRUST COMPANY, N.A.

BANK OF AMERICA

BAC HOME LOANS SERVICING,LP

MORTGAGE ELECTRONIC REGIS-
TRATION SYSTEM, INC.

COUNTRYWIDE HOME LOANS,

       Defendants

Case No. _A-09-602928-C_

Dept. No. _XIII_

JARED K. HOHENBERG
Certified Process Server
_LV_ Judicial Circuit
ID # 97-5-?
Date _2/1/2010_ Time _2:25pm_
Served _Sherry Dyckson_

**SUMMONS**

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING
HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth
the Complaint.

    1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the
day of service, you must do the following:
        a. File with the Clerk of this Court, whose address is shown below, a formal written response to the
           Complaint in accordance with the rules of the Court, with the appropriate filing fee.
        b. Serve a copy of your response upon the attorney whose name and address is shown below.

    2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may
enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money
or property or other relief requested in the Complaint.

    3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your
response may be filed on time.

    4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission
members and legislators, each have 45 days after service of this Summons within which to file an Answer or other
responsive pleading to the Complaint.
Submitted by:

_Edward J. Marshall_
    (Signature)
Name: _EDWARD G. MARSHALL_
Address: _324 So. Third St. #2_
City/State/Zip: _LasVegas, NV 89101_
Telephone: _702/384-7162_
.torney for: _Plaintiff_

CLERK OF COURT

By: _____
    Deputy Clerk.

ALLISON BEHRHORST

DISTRICT
COURT
SEAL
NOV 10 4 2009

Date

REGIONAL JUSTICE CENTER
200 Lewis Ave.
Las Vegas, NV 89155

NOTE: When service is by publication, add a brief statement of the object of the action.
    See Rules of Civil Procedure 4(b).

Revised 7/99/jb

13425   2/1 AT 1:30PM

# ORIGINAL

**FILED**

NOV 0 4 2009

*[signature]*
CLERK OF COURT

A – 09 – 602928 – C
502203

1   EDWARD G. MARSHALL

2   324 S. Third Street #2

3   Las Vegas, NV 89101

4   TEL (702) 384-7162   FAX (702) 3846584

5   ATTORNEY FOR PLAINTIFF

6   NSB NO. 323

7                          **DISTRICT COURT**

                        **CLARK COUNTY NEVADA**

8                                    )   CASE NO: A-09-602928-C

9                                    )   DEPT. NO. XIII

10   CONNIE W. KWOK                   )

11          PLAINTIFF                 )   DATE OF HEARING: _____

12     VS.                           )   TIME OF HEARING: _____

13   RECONTRUST COMPANY, N.A.         )

14   BANK OF AMERICA                  )   **NOTICE OF LISPENDENS**

15   BAC HOME LOANS SERVICING, LP.    )

16   MORTGAGE ELECTRONIC REGISTRATION )

17        SYSTEM, INC.                )

18   COUNTRYWIDE HOME LOANS

19          DEFENDANTS

20   _____ )   **ARBITRATION EXEMPT**

     **RECEIVED**

21   NOV 0 4 2009                          **TITLE TO REAL ESTATE**

     CLERK OF THE COURT

                              0

1    **NOTICE OF LIS PENDENS**

2    **TO ALL WHOM IT MAY CONCERN**

3

4        **PLEASE TAKE NOTICE** that an action at law has been commenced in the

5    above entitled court by the Plaintiff(s) against the Defendants, and said suit is now

6    pending.

7

8        The object of said action is to quiet title of Plaintiff against all persons and claims

9    who allege any contrary interest therein.

10

11       Legal relief has been sought in said suit as pertains to certain real property and

12   which affects the right, title and interest in and to said property.

13

14   The property so affected by this suit is described as follows: *NV 89131.*
     *6817 Woodland Vase Court, Las Vegas,*

15       Assessor's Parcel Number 125-10-512-013 and having a legal

16   description of Lot 1189 in Block A of  Silverstone Ranch, Parcel 6N, as

17   shown by map thereof on file in Book 117 of Plats, Page 64    in the

18   Official County Records of Clark County, Nevada.

19   DATED THIS __*4th*__ DAY OF __*November*__ 2009

20                   *Edward G Marshall*

21       EDWARD G. MARSHALL, ESQ.

22       Attorney for Plaintiff(s)

23       324 S. Third Street # 2

24       Las Vegas, NV 89101

*II*

1    EDWARD G. MARSHALL

2    324 S. Third Street #2

3    Las Vegas, NV 89101

4    TEL (702) 384-7162   FAX (702) 3846584

5    ATTORNEY FOR PLAINTIFF

6    NSB NO. 323              DISTRICT COURT

7                     CLARK COUNTY NEVADA

8                                          )       CASE NO: *A-09-602928-C*

9                                          )       DEPT. NO. *XIII*

10    CONNIE W. KWOK                        )

11             PLAINTIFF                    )       DATE OF HEARING: _____

12         VS.                             )       TIME OF HEARING: _____

13    RECONTRUST COMPANY, N.A.             )

14    BANK OF AMERICA                      )       **COMPLAINT FOR EMERGENCY**

15    BAC HOME LOANS SERVICING, LP.        )       **INJUNCTIVE AND DECLARATORY**

16    MORTGAGE ELECTRONIC REGISTRATION     )       **RELIEF AND TO STAY**

17         SYSTEM, INC.                    )       **FORECLOSURE SALE**

18    COUNTRYWIDE HOME LOANS

19             DEFENDANTS

20    _____ )       **ARBITRATION EXEMPT**

21                                                 **TITLE TO REAL ESTATE**

FILED

NOV 0 4 2009

CLERK OF COURT

0

1  Plaintiff sues Defendants for emergency injunctive and declaratory relief and to
2  stay an imminent foreclosure sale, and states:

3  **A. Parties and Jurisdiction**

4  A.  Plaintiff is of majority age and a citizen of the State of Nevada. The
5  property that is the subject of this action is located at 6817 Woodland
6  Vase Court, Las Vegas, NV 89131, hereinafter referred to as "the
7  property" and is further described as Assessor's Parcel Number 125-10-
8  512-013 and having a legal description of Lot 1189 in Block A of
9  Silverstone Ranch, Parcel 6N, as shown by map thereof on file in Book
10  117 of Plats, Page 64   in the Official County Records of Clark County,
11  Nevada.

12  B.  Defendant RECONTRUST COMPANY, N.A., hereinafter referred to
13  as "RECON," is and was at all times material hereto, on information and
14  belief, a Nevada corporation organized under the laws of the State of
15  Nevada and acting as an agent of Defendants.   Its address is 2380
16  Performance Drive, Richardson, TX 75082.

17  C.  Defendant BAC HOME LOANS SERVICING, LP, hereinafter referred
18  to as "BAC" with offices located at 4500 Park Granada Blvd. Calabasas,
19  CA 91302, is the alleged "servicer" of the loan in connection with a non-
20  judicial foreclosure proceeding as to the Property. On information and
21  belief, Defendant BAC has no legal interest in either the mortgage or the
22  Note, the subject of this action.

23  D.  Defendant BANK OF AMERICA, hereinafter referred to as "BOA," has
24  taken over the assets and liabilities of Defendant COUNTRYWIDE HOME
25  LOANS, hereinafter referred to as "COUNTRYWIDE," and upon
26  information and belief has no legal interest in either the mortgage or the
27  Note the subject of this action.   Both Defendants BOA and
28  COUNTRYWIDE are officed at 4500 Park Granada Blvd., Calabasas, CA

1    91302.   Upon information and belief, Defendant COUNTRYWIDE is a

2    corporation organized under the laws of Texas, and Defendant BOA is a

3    corporation organized under the laws of California.

4    E.    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

5    hereinafter referred to as "MERS," is a Delaware corporation with offices

6    located at 3300 S.W. 34th Avenue, Suite 101, Ocala, FL 34474.  Upon

7    information and belief, MERS is named solely as a nominee Beneficiary

8    in the Deed of Trust and is not a Party of Interest in the mortgage on the

9    property and has no legal standing related to the property.

10   **B. Background**

11   1.  Defendant MERS, through its agent Defendant RECON, instituted a non-

12       judicial foreclosure proceeding to foreclose on a mortgage as to the

13       Property, which mortgage was originally issued in the name of Defendant

14       COUNTRYWIDE.

15   2.  Upon   information   and   belief,   Plaintiff   alleges   that   Defendant

16       COUNTRYWIDE was not the lender and was only a middleman

17       performing a service for a fee on behalf of a New York based entity which

18       sold securities to raise the capital for Plaintiff's first mortgage.  According

19       to IRS rules, such entitied cannot own the mortgage collateral in the

20       securitization pool without incurring significant tax liability.  Plaintiff does

21       not deny that a mortgage obligation was created.  However, Plaintiff does

22       deny that any obligation is owed to any of the Defendants in this action.

23       Plaintiff does not know who the obligation is owed to, and Plaintiff does

24       not know the amount of the obligation. (In case any Toxic Asset Relief

25       Program (TARP) funds were applied to Plaintiff's mortgage, or other such

26       funds as A.I.G. insurance proceeds.)  Upon information and belief, Plaintiff

27       alleges that Defendant COUNTRYWIDE was not in fact the Lender, and

28       that Defendant COUNTRYWIDE had no risk of loss in this loan.

3. The same circumstances apply to the second mortgage purportedly also made by Defendant COUNTRYWIDE, but in fact made by some New York City Wall Street securitization entity that was not licensed to make mortgages in Nevada. Plaintiff requested information regarding the True Holder In Due Course of the Notes from Defendants in correspondence dated June 16, 2009, but Defendants have refused to divulge such information, a violation of law. Proof of the Current holder In Due Course of both notes has never been produced to the Plaintiff, and Defendants have failed to prove or even take the position that it is the holder of all rights under the Notes These would normally be the instruments of indebtedness which would permit the legal holder thereof to declare a default which would trigger a foreclosure. For the remainder of this Complaint, whenever the words Note or obligation are used, they are meant to apply to both mortgages. Even if the singular is used it is still intended to refer to both.

4. Defendants, who claim to be the "trustee" for the undersigned "certificate Holders" of mortgages which have been securitized, cannot establish that they hold the true ownership interest in the mortgage which is the subject of this action. They cannot establish that the true "Certificate Holders" have lawfully succeeded to such rights, or that they have legally assigned such rights to Defendants. The "rights" referred to include, specifically, the right to pursue a foreclosure of Plaintiff's rights.

5. Defendants cannot establish they have suffered any actual or threatened injury as a consequence of a default, if any, by Plaintiff. Such injury is legally required under applicable Nevada law in order for Defendants to satisfy the legal prerequisite that they have legal standing to foreclose on the Property.

6. By commencing a non-judicial foreclosure, Defendants have created a cloud of title on Plaintiff's property. This is the same property which is the subject of the mortgage originally funded by what is believed to be, upon information and belief, a New York securitization scheme.

3

7. Defendants have notified Plaintiff that the foreclosure sale on the Property has been scheduled to take place on November 4, 2009.

8. This Complaint is thus being timely filed in accordance with applicable law to challenge the foreclosure prior to the issuance of any Certificate of Title following sale.    Upon information and belief, Plaintiff alleges that a severance of the ownership and possession of the original Notes and Deeds of Trust has occurred. The true owners and holders of both the original Notes and Deeds of Trust are unknown as a result of one or more alleged assignments and the parsed sale of certain rights under the Notes. Therefore, Defendants are legally precluded from foreclosing on the Property unless they can prove full legal standing to do so.

## C. **Material Facts and Allegations**

9. Plaintiff hereby incorporates all allegations of the above paragraphs 1-8 as if they were fully stated.

10. Plaintiff is the nominal payor on the subject   Notes. The Defendant "Loan Sellers" are financial institutions that were paid a fee to pose as residential mortgage lenders, when in fact the source of loan funds and the actual lender (Investors in Certificates) and underwriter (Mortgage Aggregator and Investment Banker) were other parties whose identities and receipt of fees and profits were withheld from Plaintiff at Closing and continue to be withheld from Plaintiff by the Defendants contrary to the requirements of applicable Law.  Any reference to Lender or Lenders or Loan Seller in this Complaint refers to all Defendants and their agents and accomplices whether BOA, COUNTRYWIDE, BAC, RECON or MERS.

11. Plaintiff was, unknowingly, deceived into participating in a fraudulent scheme.  Typically, in such transactions as this one, a Loan Seller acts as principal with so-called "independent appraiser" of the property.  The Mortgage Broker and Mortgage Originator induced a homeowner into a transaction that does not and could not meet legal underwriting standards for a residential mortgage.  The Loan Seller posed as a conventional Mortgage Lender, thus leading the homeowner to reasonably believe that

4

1    the Loan Seller, the Mortgage Broker and the Loan Originator all had an interest in the
2    successful repayment of the loan.

3          12. In such transactions, the Loan Seller, the Mortgage Broker, the Appraiser, the
4    Loan Originator, the Title Agent, Escrow Agent and Trustee on the Deed of Trust have
5    no financial stake or liability in the transaction.  They have no interest other than
6    obtaining Plaintiff's signature on a loan that can, effectively, never be repaid because
7    the mathematics render the scheme impossible, like a Ponzi scheme.  This is because
8    the appraisal was intentionally and knowingly inflated, together with the other loan data,
9    in order to achieve the closing of the alleged "loan transaction."

10         13. Plaintiff relied upon the "due diligence" of the apparent Lender (who
11    unknown to Plaintiff, was in fact the Loan Seller) in executing the closing documents
12    presented for her signature.  Upon information and belief, Plaintiff alleges that no real
13    lender in the traditional sense was involved in the closing procedure because there was
14    in fact no true lender, rather Investors-worldwide supplied the money that funded the
15    loan

16         14. In executing and accepting the closing documents, the Plaintiff relied upon
17    the 'due diligence' of the apparent Lender.  Upon information and belief, no lender was
18    really involved in the closing transaction in the sense of an entity or person performing
19    due diligence and evaluation pursuant to national standards for underwriting and
20    evaluating the risk of loaning money for a residential loan closing.

21         Upon information and belief, Defendants through their employees and agents,
22    participated in a scheme whereby Plaintiff's income on the 1003 loan Application was
23    falsified by stating whatever amount was necessary to approve the loan and collect
24    fees.  Plaintiff's income was close to $50,000 per year, but Defendants, through their
25    agents, stated Plaintiff's income as more than $240,000 per year.  This was done
26    without the knowledge or consent of Plaintiff.  This predatory lending act was
27    specifically in violation of Nevada law, as set forth hereinafter.

28         15. Therefore, no bank or other financial institution (actually performing under the
29    standards, rules, and regulations governing such institutions) was the supposed

1   "lender."  The inflated appraisal added an undisclosed cost to the loan which, when

2   considered with other terms of the loan, both disclosed and undisclosed, and amortized

3   over the real expected life of the 'loan," exceeded the limits of legal propriety.  The

4   presence of a financial institution, namely Countrywide (now Bank of America) was a

5   ruse in which the form of the transaction misled the Plaintiff.  Neither the real parties in

6   interest nor the fees generated by the subject "loan transaction" were disclosed to

7   Plaintiff.

8      16. The motivation of the Defendants was to collect fees, rebates, kickbacks and

9   miscellaneous profits that were never disclosed to Plaintiff and of which she was

10  unaware.  Plaintiff has only recently discovered these facts.

11     17. CTC Real Estate Services was the original Trustee of the Deed of Trust

12  which Plaintiff executed.  Defendant RECONTRUST COMPANY, N.A. was

13  subsequently substituted in as said Trustee.

14     18. Countrywide (now taken over by Defendant BANK OF AMERICA) was

15  purportedly named as the lender of the transaction Plaintiff executed.  However, the true

16  lender was the New York (or other location) investor, and investors, who purchased the

17  securitized instruments promoted by Wall Street investment bankers.

18     19. Upon information and belief, none of the Defendants have the Note which

19  Plaintiff executed, and none of the Defendants are holders in due course of the Note.

20  Consequently, all notices of default; acceleration and sale issued by the Defendants,

21  and each of them, are legally invalid because they were not issued by a real part in

22  interest.  Therefore, diue process of law has not been afforded to Plaintiff.  This is so

23  because NRS 107.080 (4) requires that a Trustee's sale must be conducted by a

24  "person authorized to make the sale under the terms of the deed of trust."

25     20. Defendants do not meet the definition of a Lender as defined in NRS

26  596D.050.

27     21. None of the Defendants own the lien which was created by Plaintiff's

28  execution of the Note and Trust Deed.

22. Upon information and belief, without the knowledge of the Plaintiff, one or more of the Defendants, or Defendant's assignors, entered into Assignment and Assumption agreements with individuals or entities unknown to Plaintiff.

23. Additionally, upon information and belief, and without knowledge of the Plaintiff, one or more of the Defendants, or Defendants' assignors or entities entered into Pooling and Service Agreement with individuals or entities unknown to Plaintiff.

24. Upon information and belief, under the terms and procedures of these agreements:

A. The Loan Seller received a sum of money, usually or typically upon receiving an application for a loan equal to the gross amount of the loan sought by Plaintiff, plus an additional fee of 2.5 % or more. This occurred here. This fee was never disclosed to the Plaintiff.

B. Contrary to the documents presented to Plaintiff before and during the "closing of the loan transaction," the true loan seller was neither the source of funding nor the lender.

C. At the time of recording with the County Recorder of Clark County of the standard documents, the source of funding and the "Lender" was a different entity than the nominal mortgagee and the nominal beneficiary. The true identity of these parties was neither named nor disclosed, a violation of NRS 205.395.

D. The security for Plaintiff's "loan" thus secured an obligation that had in fact already been paid in full by an undisclosed third party or parties. The said third party was acting as a financial institution or "lender" without ever having been chartered or registered to conduct business in this manner, despite, and contrary to, rules and regulations set forth in NRS 645B.900 Plaintiff has been damaged by such violation of law.

25. Plaintiff has no idea who, if anyone, is the true holder in due course (if there is one) of the note related to the property of Plaintiff. Even though Plaintiff has

1  requested this information from Defendants, they have not complied with the request of

2  Plaintiff.  Such failure to respond is equivalent to refusal.

3      26.  It is doubtful that any of the Defendants have any knowledge or have made

4  any effort to determine whether the presumed holders in due course have been paid in

5  whole or in part.  It can only be said with certainty that these Defendants seek to

6  enforce loan documents for which they have already been paid in full together with

7  illegal fees for participating in an illegal scheme.  These Defendants seek to add insult

8  to injury by demanding, through foreclosure proceedings, ownership of the property in

9  addition to already receiving full payment in full long before any delinquency or default

10  even allegedly occurred.

11     27.  In order for these Defendants to maintain legal standing in connection with

12  the subject loan transaction they are required to show the entire chain of title of the Note

13  and the entire chain of title of the mortgage. The plaintiff believes Defendants are

14  unable to show such entire chain of title.  Plaintiff concludes that the Defendants cannot

15  produce such evidence of a complete chain of title or are intentionally withholding the

16  information that would show breaks in such chain.  Nevada law clearly defines a

17  "lender" as one who currently holds a mortgage or an obligation.  If the Defendants

18  have sold the obligation, as Plaintiff alleges, then they are not a Lender. They are not a

19  real party in interest and they have no standing to bring a foreclosure action.

20     28.  There is no recording of any document in the Clark County records which

21  predates the Defendants' attempt to initiate foreclosure and/or eviction or which would

22  authorize them to proceed.  See **Exhibit A** which is a simple diagram depicting the

23  numbers of parties involved in the securitization process.  However under the Doctrine

24  of a Single Transaction, there are only two parties of interest in any mortgage.  Those

25  two parties are the Investor and the Borrower.  All the other parties are simply middle

26  men who have performed a service for a fee, but are not interested parties, and

27  therefore have no standing in court to bring an action as required by NRCP 17.

28     29. At no time whatsoever did Defendants ever advise Plaintiff (nor, as far as

29  Plaintiff can determine, any "investor" in certificates of mortgage-backed securities) that:

8

A. The mortgage loan being processed was not in Plaintiff's best interest;

B. The terms of the mortgage loan being processed were less favorable than the loan which Defendants previously advised Plaintiff she qualified for.   Only at the last minute was Plaintiff's mortgage "switched" by Defendants.  There was little chance of this type of loan ever being paid off short of winning a lottery.

C. That the mortgage loan was a temporary transaction (a transaction where terms, risks, or provisions at the commencement of the transaction differ at a later time) on which Plaintiff was providing cover for Defendants' illegal activities.

D. That Plaintiff would likely be placed in a position of default, foreclosure, and deficiency judgment regardless of whether or not she met her loan obligations once the true lender or true holder(s) in due course appeared;

E. That the Deeds of Trust instrument and   Notes may be sold, transferred, or assigned separately to separate third parties so that the later "holder" of the Notes might not be in privity with, or have, the legal right to foreclose in the event of default on the Deeds of Trust.

F. That in connection with the future multiple down line sales and assignments of the Deeds of Trust and Notes, assignees or purchasers of the Notes might make payments on the Notes which would reduce the true amount owed by the Plaintiff on the Notes.

G. As a result of the closing and in connection therewith, Defendants placed the Plaintiff into a pool of a sub-prime adjustable rate mortgage programs, with Defendants intentionally misleading Plaintiff and the other borrowers and engaging in material omissions by failing to disclose to Plaintiff and other borrowers the fact that the nature of the mortgage loan applications had been materially changed without Plaintiff's knowledge or consent,  Plaintiff was being placed into a pool where the usual loan was an adjustable rate mortgage program despite the fact that she was not being fully qualified for such a program.

30. Defendants and both their assignors and successors intentionally failed to provide Plaintiff with various disclosures which would indicate to the Plaintiff that the contract entered into was void, illegal, and predatory in nature.   A "fixed rate" schedule of payments was provided which did not provide the proper disclosures of the actual contractually-due amounts and rates pertaining to the transaction.

31.  Defendants, and/or Defendant's assignors, failed to provide Plaintiff with other relevant and necessary disclosures which are mandatory under Nevada law.

Plaintiff reasonably relied upon the good faith by the agents who transacted Plaintiff's loan.  This reliance was betrayed in that such disclosures were not made. Had they been made, Plaintiff would not have entered into this transaction.

32.  Defendants were under numerous legal obligations as fiduciaries and had the responsibility to oversee the loan transaction to insure that the same was legal, proper, and that Plaintiff had received all legally required disclosures.  This trust was violated by the Defendants and their Assignors.

33. Defendants and their assignors engaged in a pattern and practice of defrauding Plaintiff in that, during the entire life of the mortgage loan, Defendants failed to properly credit payments made incorrectly calculated interest on the accounts and have failed to accurately debit fees.

34.  At all times material Defendants had actual knowledge that the Plaintiff's' accounts were not accurate and that Plaintiff would make further payments based on Defendants' inaccurate accounts.

35. Unknown to Plaintiff her payments were based on the improper, inaccurate, and fraudulent representations as to Plaintiff accounts.

36. As a direct and proximate result of the actions of the Defendants set forth above, Plaintiff overpaid in interest.

37. Defendants also utilized amounts (known to the Defendants to be inaccurate) in order to determine the amount allegedly due and owing for purposes of foreclosure.

39. On information and belief and given the volume of residential loan transactions solicited and processed by the Defendants, the Defendants have engaged in two or more instances of racketeering activity involving different victims but utilizing the same method, means, mode, operation, and enterprise with the same intended result.

40. Upon information and belief, Defendants typically steered unwary borrowers into subprime mortgages even when they might have been qualified for a prime mortgage.  This was done because Countrywide earned more money from the Wall Street aggregators with a mortgage that had an economic interest rate adjustment "increase feature" to provide more revenue and bring a higher selling price to an investor.

41. Upon information and belief, consequently, the Defendants paid higher commissions to its agents to sell subprime mortgages that were in most cases destined to failure and default.

42. Upon information and belief, executives of Defendants were aware of this and continued the practice to make more profit without regard for the best interest of borrowers.  Even so, agents of Defendants were trained with scripts to tell customers that they want to get "the best loan" for the customer.  In Plaintiff's case she was steered into a negative amortizing adjustable interest rate loan.  This type of loan can almost never be paid off.

43. NRS 205.372 (1) (a) protects the consumer from mortgage fraud where the lender commits fraud by misrepresentation or concealment of a material fact.

44. NRS 205.372 states that it is a violation of Nevada law to deliberately conceal or fail to disclose material facts.  Receiving proceeds from such transactions and conspiring with others in such transactions is also prohibited.  Other criminal statutes are relevant herein, as prohibiting the conduct in which Defendants are engaged.

11

1    Upon information and belief, plaintiff alleges that Defendants and their Assignors
2  violated the statute by their actions as set forth hereinabove.

3    45.  NRS 598D.100 has codified Nevada law and has made it illegal under
4  subsection (c) as an unfair lending practice to make a "no doc" (no documentation) loan
5  and under section (e) to make a "stated income" loan where the income of the Borrower
6  is not evaluated.

7    46.  Defendants violated Plaintiff's rights by making an unfair loan that Plaintiff
8  was not qualified for, and which Plaintiff was not able to repay regardless of Defendants'
9  assurances that refinancing would be available even when Defendant had no stake in
10  the loan of Plaintiff.  Defendants and their assignors were only interested in making fees
11  by closing the loan.

12    47.  NRS 598D.110 states that a lender who willfully engages in an unfair lending
13  practice described in said chapter is liable to the borrower in an amount equal to the
14  sum of:  2 (a), three times the amount of any actual damage sustained by the borrower,
15  and 2(b), the costs of the borrower bringing the action and reasonable attorney fees.
16  Here, by Defendants knowing willful participation in the securitization scheme including
17  fraudulent appraisal inflation, the Plaintiff has lost at least an amount equal to $00,000
18  which when multiplied by 3 equals $600,000.00 without counting the amount of equity
19  that Plaintiff invested in the property as down payment and closing cost, and monthly
20  payments, taxes, HOA dues, insurance, etc.  Plaintiff seeks recovery of these damages
21  from the Defendants.

22                              **First Cause of Action**

23                    **1. Misrepresentation and Fraud by Omission**

24    48.  *Plaintiff hereby incorporates the allegations of paragraphs 1 through 47*
25  *inclusive as well as all other paragraphs herein as though the same were fully stated.*

26    49.  *The corporate Defendants, their executives, employees, and agents*
27  *committed fraud in direct violation of NRS 205.372 by failing to disclose to the Plaintiff*
28  *the predatory, unethical and unsound and unfair lending and foreclosure practices, and*

bonuses and inflated salaries paid pursuant thereto.  Defendants were possessed of such duty to make such disclosure.  The facts which Defendants failed to disclose were material to the mortgage documents, and to the Plaintiff's informed right to rescind. Defendants knew, and should have known, if these facts had been disclosed then Plaintiff would not have executed the subject mortgage documents and would have ceased to rely upon Defendants integrity and good faith.  Plaintiff had she been fully informed would have rescinded.

50.  Plaintiff innocently relied upon the false misrepresentations of the Defendants.   Plaintiff was entitled to rely upon said misrepresentations.  Defendants knew that their behavior was not in the best interest of the Plaintiff and Defendants knowingly took Plaintiff down a path of economic turmoil, suffering, and loss.

51..  Defendants failed to disclose their predatory, unsound, unfair lending practices, and Plaintiff by innocent reliance thereon   has been damaged by such and continues to suffer damage today.  Plaintiff seeks damages in excess of $10,000 from Defendants.

**Second Cause of Action**

**2. Quiet Title**

52.  Plaintiff hereby incorporates all the allegations of paragraphs 1- 51 inclusive and all other paragraphs, as though the same were fully stated herein.

53.  The title to Plaintiff's property is clouded.  That is, the Defendants or some other Defendant, named or unnamed which acted in concert with Defendants, or at Defendants' request or direction, recorded a Notice of Default and possibly other documents which indicate at least one of the defendants possess a security interest.

54.  Plaintiff is unaware who are the actual holders in due course, if any, and the known Defendants are unable to produce a note showing they have an interest in the property with proper evidence of chain of title from start to present.

13

55. Plaintiff has clean hands and has behaved in an equitable manner. Defendants have dirty hands and have not behaved in an equitable manner. Defendants have affected severe harm on Plaintiff. Clearing title would not result in any unjust enrichment of Plaintiff, as Plaintiff has suffered damage in an amount in excess of $10,000. The true amount is subject to being trebled pursuant to Nevada's anti-racketeering statutes. The amount owed by Defendants therefore exceeds any amount ostensibly owed per the Note and Deed of Trust executed by Plaintiff.

56. As a direct and proximate result, Plaintiff has been injured and damaged as described herein. Plaintiff is entitled to Clear Title. Any interest possessed or claimed by Defendants, or any entity acting in concert with the Defendants should be extinguished.

57. Plaintiff demands by this Complaint that the Deed of Trust must be rescinded and the subject loan transaction be canceled since the Notes have been severed from the Deeds of Trust..

58. Plaintiff is entitled to quiet title against subject Defendants, and clearing title of the purported subject mortgage encumbrance.

59. Plaintiff therefore seeks a declaration from this Court that the title to the subject property is vested in Plaintiff alone, and that the Defendants herein, and each of them, be declared to have no estate, right, title, or interest in the subject property and that said Defendants and each of them, be forever enjoined from asserting any estate, right, title, or interest in the subject property adverse to the Plaintiff herein.

## Third Cause of Action

### 3. Contractual Breach of Duty of Good Faith and Fair Dealing

60. Plaintiff hereby incorporates all the allegations of paragraphs 1- 59 inclusive and all other paragraphs, as though the same were fully stated herein.

61. Defendants owed to Plaintiff a contractual duty of good faith and fair dealing and a duty to restrain from frustrating the purposes of the mortgage contract.

14

1   Defendants directly assumed this duty and also by implication, which render the
2   Defendants subject to suit, both in contract and in tort. This duty is implicit to all
3   mortgage contracts. Mutuality of obligation existed per the subject contracts.
4   Defendants' conduct violates the pubic policy of the State of Nevada by forcing
5   mortgagors to strictly adhere to contracts that the Defendant mortgagees have
6   breached.

7       62. Defendants breached this duty by engaging in predatory, unethical, and
8   unfair, and unsound lending practices relative to other persons, e.g., members of
9   statutorily protected classes of persons, and by failing to timely disclose these practices.

10      63. Plaintiff relied upon the material misrepresentations and omissions and
11  concealment of material facts by the Defendants. Had this information disclosed to her,
12  Plaintiff would not have executed the mortgage documents.

13      64. Plaintiff has been severely damaged as a direct and proximate result of the
14  unlawful and unfair conduct of the Defendants. Plaintiff seeks damages in excess of
15  $10,000 threfor.

16                          **Fourth Cause of Action**

17      **4. Tortious Breach of the Implied Duty of Good Faith and Fair Dealing**

18      65. Plaintiff hereby incorporates all the allegations of paragraphs 1- 64 inclusive
19  and all other paragraphs, as though the same were fully stated herein.

20      66. Defendants breached the implied duty of good faith and fair dealing
21  attendant to the subject contract in a tortious manner. Defendants, by virtue of the trust
22  reposed by Plaintiff, are liable in tort.

23      67. As a direct and proximate result Plaintiff has suffered damage and seeks
24  recovery in excess of $10,000 therefor.

25

26

## Fifth Cause of Action

## 5. Civil Conspiracy

68. Plaintiff hereby incorporates all the allegations of paragraphs 1- 67 inclusive and all other paragraphs, as though the same were fully stated herein.

69. Defendants entered into a conspiracy with other members of MERS, including the other named Defendants, for the common purpose of accruing economic gains for themselves at the expense of the Plaintiff (and other Nevada mortgagors.) The actions of the Defendants were committed intentionally, willfully, and wantonly, and with reckless disregard for the rights of the Plaintiff. This conspiracy has been ratified, and participated in by Defendants BAC and BOA by failing to inform Plaintiff and other Nevada mortgagors of their rights and continuing to collect monies and communicate with the Plaintiff and other mortgagors based on the false premise that fraud by omission has not occurred. Defendants continue to illegally foreclose homes and eject Nevadans from their homes notwithstanding knowledge of their own illegal conduct and unclean hands, and without making legally required disclosures to those being evicted.

70. As a direct and proximate result of the conspiracy of Defendants the Plaintiff has been harmed and damaged as described herein. Plaintiff thus demands from the Defendants restitution in the form of actual damages, exemplary damages, and legal costs, and attorney fees in excess of $10,000.

## Sixth Cause of Action

## 6. Civil RICO and Racketeering

71. Plaintiff hereby incorporates all the allegations of paragraphs 1- 70 inclusive and all other paragraphs, as though the same were fully stated herein.

72. NRS 207.390 defines racketeering activity as "at least two crimes related to racketeering that have the same or similar pattern, intents, results, accomplices, victims or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents, if at least one of the incidents occurred

16

1   after July 1, 1983, and the last of the incidents occurred within five years after a prior

2   commission of a crime related to racketeering."  The documents which Defendants, in

3   concert with other corporate Defendants, obtained for the Plaintiff were part of many

4   executed in Nevada from 2001 to 2008.  Defendants engaged in racketeering, as

5   prohibited by NRS 207 via the predatory and abusive lending practices described

6   herein, and the repeated failure to disclose such - both relative to the Plaintiff and to

7   other mortgagors as well.  Defendants BOA has ratified the acts and omissions of

8   COUNTRYWIDE and in so doing has ratified racketeering activity.  The activities of the

9   Defendants constituted an "enterprise" with the aim and objective of the enterprise

10   being to perpetrate fraud upon the Plaintiff through the use of intentional nondisclosure,

11   material misrepresentation, and creation of fraudulent loan documents.  Each of the

12   Defendants is an "enterprise Defendant."

13       73  As a direct and proximate result of the action s of the Defendants, the Plaintiff

14   suffered and continues to suffer damage and harm in excess of $10,000.  Plaintiff is

15   entitled, pursuant to NRS Chapter 207, to treble damages, attorneys' fees, and to an

16   Order Quieting Title, and to other relief.  Plaintiff seeks Judgment for such damages and

17   relief.

18   **Seventh Cause of Action**

19   **7.  Unjust Enrichment**

20       74.  Plaintiff hereby incorporates all the allegations of paragraphs 1- 73

21   inclusive and all other paragraphs, as though the same were fully stated herein.

22       75.  As a direct and proximate result of Defendants activities the Plaintiff has

23   been injured and damaged as described herein.  Defendants have been unjustly

24   enriched by their illegal and fraudulent actions.  Plaintiff seeks recovery from

25   Defendants   in the form of damages in excess of $10,000.

26

27

**Eighth Cause of Action**

**8. Conspiracy to Commit Fraud Related to the MERS System**

76. Plaintiff hereby incorporates all the allegations of paragraphs 1- 75 inclusive and all other paragraphs, as though the same were fully stated herein.

77. Upon information and belief, the corporate Defendants did knowingly conspire to engage in a scheme to promote, encourage, and facilitate fraudulent and predatory lending and foreclosure practices which eroded the national real estate market, including the Nevada real estate market. As a direct and proximate result the national real estate market, including the real estate values in Nevada have been substantially damaged and Plaintiff has thereby been harmed as alleged herein.

78. Upon information and belief, Defendants conspired with MERS and are or have been shareholders in MERS or members of the MERS system, and have acted to facilitate and further the unlawful goals of the MERS system.

79. Upon information and belief, the Defendants and MERS conspired to develop a system of earning profits from the origination and securitization of residential loans without regard for the rights of the Plaintiff.   They have engaged in predatory and deceptive lending practices.   They intentionally created, managed, operated and controlled the MERS system for the specific purpose of designating a sham beneficiary, i.e., MERS, or some other entity. The Defendants intentionally created, managed, operated and controlled the MERS system with the intent of rendering the task of identifying and holding responsible Defendants who engaged in these predatory lending practices difficult or impossible.   They created and operated the MERS system to further a conspiracy.

80. Honorable  Linda B. Reigle of the United States Bankruptcy Court for the Nevada Region has ruled on March 31, 2009 in the case of "In Re Joshua and Stephanie Mitchell," Case No. BK-S-07-16226-LBR, Chapter 7, MERS does not have legal standing to order a foreclosure sale on its own or through any other Trustee. . Additionally, Honorable Samuel C. Bufford, United States Bankruptcy Judge for the

Central District of California agreed with the ruling above as indicated in his opinion of October 22, 2008 in the case of Defendant Vargas in case number LA08-17036-SB. MERS takes no mortgage applications, makes no loans, holds no notes, and is not a party of interest in these transactions, and has no standing in court to order a foreclosure. MERS has cheated many county recording departments out of millions of dollars for recording fees that should have been paid for the recording of assignments, etc. The MERS system operates to perform a "whitewashing effect" to cover up improperly executed documents, missing documents, forged documents, and defective documents in an effort to make them legal. This is fraud.

81. Additionally, the Supreme Court of both Kansas and Arkansas have recently ruled that MERS does not have standing to bring about a foreclosure action. See, Landmark Bank v. Kesler 2009 KAN. Lexis 834. Also see, MERS v. Southwest Homes of Arkansas, 2009 ARK. Lexis 121.

82. As a direct and proximate result of Defendants actions involving MERS, Plaintiff has been damaged and seeks damages in excess of $10,000.

## Ninth Cause of Action

### 9. Fraud by Obtaining Signature by False Pretenses

83. Plaintiff hereby incorporates all the allegations of paragraphs 1- 82 inclusive and all other paragraphs, as though the same were fully stated herein.

84. NRS 205.390 states that a person who, with intent to cheat or defraud another, designedly by color or aid of any false token or writing or other false pretense, representation or presentation obtains the signature of any person to a written instrument is guilty of a category D felony and shall be punished as provided in NRS 193.130. In addition to any other penalty, the court shall order the person to pay restitution.

19

85.  Upon information and belief, Defendants have violated the law as it is prescribed in NRS 205.390 by obtaining Plaintiff's signature on the mortgage documents by false pretense and misrepresentation, and fraud of omission.

86.  As a direct and proximate result of Defendant's unfair and illegal actions, Plaintiff has been damaged and seeks damages in excess of $10,000.

87.  Plaintiff seeks an Order of Restitution of all the monies that Plaintiff has expended and for restitution of all damages Plaintiff has sustained related to the fraudulent mortgage contract that Defendants enticed Plaintiff to sign.  Such damages are in excess of $10,000.

## Tenth Cause of Action

## 10.  Injunctive Relief

88.  .  Plaintiff hereby incorporates all the allegations of paragraphs 1- 87 inclusive and all other paragraphs, as though the same were fully stated herein.

89.  Defendants caused Deeds of Trust to be executed and recorded which identified or substituted MERS as the "Nominee Beneficiary Only" regarding the subject property.

90.  At the time the Plaintiff allegedly signed the Deeds of Trust she was without knowledge that MERS previously declared to Defendants, or some of them, that MERS would never hold a beneficial interest in any Deed of Trust.  That is, the scope of MERS' declaration included the Deeds of Trust which Plaintiff executed.

91.  Defendants, or some of them, knew, and should have known, prior to the presentation of the subject Deed of Trust, that the MERS' policy was to refrain from holding a beneficial interest in either the subject Deed of Trust or the subject property. Defendants, or some of them, knew, or should have known, that MERS' declaration to this effect was part and parcel of a conspiracy to violate public policy and the law.

92.  Notwithstanding knowledge of MERS' deceptive and predatory business practices and declaration, Defendants used false and misleading representations to

20

1   Plaintiff, and failed to disclose to Plaintiff the MERS' declaration and the predatory and

2   deceptive schemes orchestrated by MERS.  Defendants thereby intended to cause

3   Plaintiff to rely upon their representations, implied and direct, as well as upon their

4   silence.

5        93.  Plaintiff was entitled to so rely.  Plaintiff remained uninformed of the

6   operative and material facts as to the identity of MERS, and the relationship between

7   MERS and the Defendants, and the conspiracy that MERS and the Defendants created

8   and participated in.  Plaintiff manifested this reliance by executing the Deed of Trust as

9   well as other documents attendant to the mortgage contract.

10       94.  Defendants deceived Plaintiff by creating a sham beneficiary pursuant to the

11   Deeds of Trust.  Defendants acted with illegal and actionable intent in derogation of

12   public policy and the law.  For instance, the designation of MERS as the beneficiary was

13   intended by Defendants to render it difficult or impossible to identify the actual owner of

14   beneficial interest holder of the Deed of Trust until such time as Defendants chose to

15   designate the owner or beneficial interest holder pursuant to their predatory and illegal

16   foreclosure.  The designation of a sham beneficiary was intended to facilitate a possible

17   wrongful foreclosure.  By maintaining the fiction that MERS is a properly designated

18   beneficiary, Defendants have violated NRS 205.372 and NRS 205.395 and NRS

19   204.470.

20       95.  The deception perpetrated by Defendants with regards to the Deed of Trust

21   was part and parcel of a calculated scheme to defraud Plaintiff and others.  This

22   deception was intended to deny to Plaintiff and other Nevadans access to Nevada

23   courts.  Defendants knew of the illegality of their predatory lending scheme and,

24   pursuant to the designation of a sham beneficiary, interposed a procedural roadblock so

25   as to forestall an adjudication on the merits.

26       96.  Defendants are therefore estopped from relying on the Deed of Trust.  The

27   designation of MERS as a sham beneficiary was not a clerical or inadvertent error.  That

28   designation is evidence of fraud and was part and parcel of a fraudulent course of

1  conduct.  As a direct and proximate result of Defendants' actions, Plaintiff was harmed
2  and damaged as described herein.

3      97.  Plaintiff has repudiated the mortgage contracts via this lawsuit and via a
4  refusal to honor the contract through continued payments.  At this time, Plaintiff stands
5  in technical default of the paper mortgage contracts and contends that the contracts are
6  null and void pursuant to the legal principles stated herein, including estoppels, and
7  pursuant to offset.  That is, damages owed to Plaintiff upon being trebled pursuant to
8  Nevada's anti-racketeering statute exceed the face value of the Plaintiff's alleged
9  obligations.

10     98.  The subject property is an important asset of Plaintiff.  Plaintiff has owned
11  the subject property for several years, and Plaintiff intends to continue to make the
12  subject property an important asset for a long indefinite period.

13     99.  Plaintiff will be subject to emotional and physical trauma and will be
14  irreparably harmed if Defendants are allowed to exploit a Deed of Trust which was
15  fraudulently obtained so as to deny Plaintiff the quiet enjoyment of this property through
16  a wrongful foreclosure.

17     100.  For the Court to allow Defendants to foreclose on Plaintiff's property would
18  be a violation of NRS 205.380 which prohibits the obtaining of a property by false
19  pretense.

20     101.  Furthermore, NRS 645F.440 prohibits a foreclosure where there is fraud on
21  the homeowner.  This is a case where the Defendants have perpetrated fraud on the
22  Plaintiff homeowner as described herein and the Court should not allow Defendants to
23  unjustly enrich themselves again by illegally taking Plaintiff's home through a fraudulent
24  wrongful foreclosure.

25     102.  Nevada law is now codified in NRS 589D  and does not allow loans to be
26  made based upon stated incomes and no documentation,  as these loans were.  This
27  type of lending practice is seen as de facto predatory in nature.  Even though
28  Defendants had the availability of IRS Form 4506T which clearly indicated that Plaintiff's

1  income was not qualified for these loans, nonetheless, Defendants approved the loans

2  in a manner that Plaintiff relied upon Defendant's approval and expertise. Plaintiff was

3  entitled to rely upon Defendants' approval of the loans.

4  103. NRS 107.085 limits the power of a Trustee to bring about a sale of real

5  property in foreclosure where there has been unfair dealing.   Plaintiff respectfully

6  requests the Court to prohibit the Trustee from bringing   a sale because of unfair

7  dealing in the subject case.

8  104. As a direct and proximate result of Plaintiff's reliance upon Defendants'

9  actions and omissions, Plaintiff has been damaged and harmed as herein described.

10  Plaintiff respectfully requests the court to temporarily and permanently enjoin

11  Defendants from any foreclosure action, any eviction action, and any further negative

12  credit reporting action, and that Defendants would forthwith remove any negative credit

13  reports filed against Plaintiff related to this property.

14  **Eleventh Cause of Action**

15  **11. Declaratory Relief**

16  105. Plaintiff hereby incorporates all the allegations of paragraphs 1- 104

17  inclusive and all other paragraphs, as though the same were fully stated herein.

18  106. Nevada Rule of Civil Procedure 17 requires all legal actions can only be

19  filed by the real party in interest.

20  107. Upon information and belief, Plaintiff alleges that none of the Defendants

21  are a Lender according to the definition of NRS 589D.050 which states that a Lender is

22  a holder of a note or obligation. Again, in NRS 40.506 a secured lender is defined as a

23  holder of a note. Upon information and belief, Plaintiff alleges that none of the

24  Defendants is currently a holder in due course of any note related to the subject

25  property. Plaintiff alleges upon information and belief that Defendants either sold the

26  notes through a securitization scheme or were only middlemen using funds other than

27  their own, and as such that all Defendants are not real parties in interest. Therefore they

23

1   have no standing to bring any action in this or any court against Plaintiff related to the

2   subject property.  Additionally, all notices received from Plaintiff from the Defendants

3   are invalid and null and void and of no effect since the Defendants are not parties in

4   interest and have no standing to issue such notices.  Nor do Defendants have the right

5   or authority to modify any loans or the terms of any loans, or conduct any foreclosure, or

6   conduct any short sale of said property since Defendants are not currently parties of

7   interest with standing to do anything related to the Plaintiff and the subject property.

8       108.  NRS 30.040 gives the Plaintiff the right to have her rights clarified by a

9   Court of law regarding the validity of the contracts allegedly executed with the

10   Defendants.

11       109.  Plaintiff is a person and a property owner of Nevada according to the

12   statute NRS 30.020.

13       110.  The Deeds of Trust and the Notes are a contract or an instrument

14   according to the meaning of the statute NRS 30.040.

15       111.  NRS 30.030 places this type of issue within the scope of this Court and the

16   declaration of the Court shall have the force of a final judgment.

17       112.  NRS 30.140 requires that declarations of the Court are to be remedial in

18   nature and to settle and afford relief from uncertainty or insecurity in situations with

19   respect to rights, status and other legal relations, and are to be liberally construed and

20   administered.

21       113.  THEREFORE, Plaintiff respectfully requests the Court to declare and issue

22   an Order that Plaintiff is the rightful owner of record of the subject property which has

23   been her property for several years.

24       114.  FURTHERMORE, Plaintiff respectfully requests the Court to declare and

25   issue an Order that none of the Defendants has any right, title, estate, interest, or other

26   dealing with the subject property of the Plaintiff.   The court should strike from the record

27   of the Clark County Recorder any reference to any Deed of Trust  or Note related to the

28   subject property.

1    115.  Plaintiff additionally respectfully requests the Court to issue an Order

2    requiring Defendants to remove any negative credit reports against Plaintiff related to

3    the subject property.

## RELIEF SOUGHT

4

5    **WHEREFORE:**  Plaintiff prays and demands Judgment herein as follows:

6        1.  For damages in excess of $10,000  on the First, Third, Fourth, Fifth, Sixth,

7    Seventh, Eighth, and Ninth Causes of Action alleged hereinabove, and on each such

8    numbered paragraph.

9        2.  Additionally, punitive damages on the Fifth Cause of Action,  and elsewhere

10   hereinabove, as may be lawful and appropriate.

11       3.  Additionally, treble damages according to proof to be shown on the Sixth

12   Cause of Action.

13       4.  For quieting of title in Plaintiff as to the real property which is the subject

14   matter of this action at law.

15       5.  For attorney's fees and costs.

16       6..  For Declaratory Relief.

17       7.  For injunctive and equitable relief.

18       8.  And for such other and further relief as is proper herein and as more fully

19   specified in each paragraph foregoing.

20

21   _____ Edward G. Marshall_____  date 4 November 09

22            EDWARD G. MARSHALL,  Attorney for Plaintiff

23            **DEMAND FOR A JURY TRIAL**

24   Plaintiff demands a trial by jury of all matters so triable as a matter of right.

                                    Edward G. Marshall

                                        25

1

### EXHIBIT "A"

2

### INVESTOR



3

4    $$

5    **CASH**          ("LIST OF MIDDLEMEN")          **THE  POOLED**

6    **TO LOAN**                                     **FRACTIONALIZED  NOTES**

7                     SELLER OF SECURITIZED NOTES

8                     SPECIAL PURPOSE VEHICLE

9                     CREDIT DEFAULT ORIGINATOR

10                    MOODY'S RATING SERVICE

11                    INVESTMENT BANK

12                    TRUSTEE OF POOL

13                    POOL OF NOTES

14                    CREDIT DEFAULT SWAPS

15                    INSURANCE

16                    AGGREGATOR OF NOTES

17                    ASSIGNMENT AND ASSUMPTION OF NOTES

18                    DESCRIPTION OF ASSETS

19   **CASH TO LOAN**          PRETENDER LENDER

20                             TRUSTEE

21                             BENEFICIARY

22                    $$     SERVICERS          **THE NOTE**

23                    ***"UNWARY BORROWER"***

24   THERE ARE ONLY 2 PARTIES OF INTEREST IN EACH TRANSACTION, THE INVESTOR AND THE BORROWER.

25     ONLY THE INVESTOR & THE UNWARY BORROWER ARE PARTIES OF INTEREST.  ALL OTHERS ARE

26   MIDDLEMEN WITHOUT AN INTEREST WHO ONLY PERFORM A SERVICE FOR A FEE AND TAKE A PROFIT.