JEFFREY D. CONWAY, ESQ.
Nevada Bar No. 4573
ROSENFELD ROBERSON & RINATO
6725 Via Austi Parkway, Suite 200
Las Vegas, Nevada  89119
Telephone: (702)  386-8637
Facsimile: (702)  385-3025

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CONNIE KWOK,<br><br>    Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY, N.A.; BANK OF AMERICA; BAC HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COUNTRYWIDE HOME LOANS, INC.,<br><br>    Defendants. | Case:  2:10-cv-00215-RCJ-RJJ<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Plaintiff, Connie Kwok, through her attorneys, Rosenfeld Roberson & Rinato, submit the following Opposition to Defendants' Motion to Dismiss filed with the Court on March 29, 2010.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

This is a simple case of Defendants that cannot show that any of them are either the current holder of the note or the nominee of the current holder of the note, secured by Plaintiff's property (the "Note") that was the subject of a wrongful foreclosure in this case (the "Property"), which is a prerequisite to foreclosure pursuant to the very recent decision of this Court, *Mortgage Electronic Registration Systems, Inc. v. Lisa Marie Chong, Leonard E. Schwartzer, Bankruptcy Trustee, et al.*,

Dist. Ct. Case No. 2:09-cv-00661-KJD-LRL (Dec. 4, 2009) ("MERS" had no standing as a creditor to pursue its claim against the property), *affirming In re Joshua and Stephanie Mitchell,* U.S. Bk. Ct., Dist. Nev. Case No. BK-S-07-16226-LBR (*Aug. 19, 2008); see also Landmark Bank v. Kesler,* 2009 Kan. Lexis 834*; MERS v. Southwest Homes of Arkansas,* 2009 Ark. Lexis 121.  Defendants cannot prove that any of them are a current holder in due course of the Note, any more than any other third party stranger to the transaction, and, therefore, there is a risk that a true holder in due course of the Note may surface in the future, demanding payment.  Under the case law set forth above, none of the Defendants have any standing to collect on the Note or to foreclose on the Property, and, Plaintiff must prevail.  Defendants have committed numerous other wrongdoings, as discussed below, in predatory and fraudulent lending practices, including, without limitation, the acts set forth in Plaintiff's Complaint.  Plaintiff will seek discovery as to whether Defendants have been compensated for the loan by the federal stimulus program or "TARP."

## II. PLAINTIFF'S CLAIMS OF FRAUD ARE PLEADED
## WITH SUFFICIENT PARTICULARITY

The fraud occurred in connection with the making of the loan, by the Defendants, in, among other things, committing the acts set forth in the Complaint, during the loan approval process, and the subsequent securitization/sale of the loan.  That is sufficiently specific, and, to the extent Plaintiff cannot be more specific at this time, it is symptomatic of the entire series of transactions, which resulted in the current situation, wherein no current holder in due course of the Note can be identified, upon information and belief.  Plaintiff does not claim that selling the loan, of itself, was wrongful; however, the problem is that Defendants cannot produce a current holder in due course of the Note.  Discovery is needed in order for Plaintiff to determine more details, including, without limitation, relating to conspiracy to commit fraud, to the extent such information is available.  *See, e.g. Vision Air,* 121 Nev. 113 (2005) (dismissal denied - 8 months is not sufficient time for discovery

in a debt collection case). This involves a period of unprecedented non-transparency in the financial industry, and, after discovery, Plaintiff will seek to file an amended, more particular, Complaint.

### III. PLAINTIFF IS THE ADVERSE PARTY WITH RESPECT TO THE QUIET TITLE ACTION

Defendants claim that there is no adverse party to justify a quiet title action. Plaintiff is the adverse party, claiming outright ownership of the property, unencumbered by any obligation to any Defendant.

### IV. DEFENDANTS BREACHED THE DUTY OF GOOD FAITH AND FAIR DEALING

The ultimate act of bad faith occurred when Defendant MERS attempted to foreclose without any standing to do so, as either the current holder of the Note or the nominee of the current Note holder in due course. To be the nominee for an unnamed beneficiary is not sufficient. *See Chow, supra*. MERS may have standing to foreclose, in some cases, but not where it cannot establish who the current holder of the Note is. *See Chong, supra*. Regarding contractual breach of the implied covenant of good faith and fair dealing, the covenant is contained in every contract, and it was clearly breached in this case. *See* NRS 104.1203, NRS 686 A.020, NRS 42.005. *Albert H. Wohlers & Co. v. Bartqis,* 114 Nev. 1249, 969 P.2d 949 (1998). For fraud-based breaches, it is clear that a strict fiduciary relationship is not required, but rather a special relationship characterized by elements of public interest, adhesion, etc., including insurance contracts, employment, bailment and franchise agreements. *See Great Amer. Ins. Co. v. Gen. Builders, Inc.,* 113 Nev. 346, 934 P.2d 257 (1997); *United States Fidelity & Guav. Co. v. Peterson,* 91 Nev. 617, 540 P.2d 1070 (1975) (insurance company failed to cover losses without proper cause). Certainly this case is as compelling on both contractual and tort grounds for bad faith conduct occurring since the time of the loan application to the present, including the fraudulent, wrongful foreclosure, in clear violation of

1  NRS 107.080(4) (trustee's sale must be by a person authorized to sell under the deed of trust).

2  Accordingly, none of the statutory notices for sale of the Property were properly given.

### V. THE RICO CLAIM IS VALID

The criminal predicate acts for the RICO claim are fraud, as set forth in the Complaint. Plaintiff anticipates that, after completion of discovery, a request to file an amended Complaint will be filed, at which time more particularity will be pled.

### VI. CONCLUSION

Based on the foregoing, and the need for discovery as to the identity of the current holder of the note, Plaintiff respectfully requests the Court to deny Defendants' motion to dismiss. No statute of limitations can apply, because Plaintiff learned of her causes of action just prior to filing this lawsuit.

ROSENFELD ROBERSON & RINATO

 /s/ Jeffrey D. Conway
Jeffrey D. Conway, Esq.
6725 Via Austi Parkway, Suite 200
Las Vegas, NV 89119
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served on counsel, listed below, on the 29 day of March 2010, through the Court's electronic service system:

J. Christopher Jorgensen
Lewis and Roca LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Attorney for ReconTrust Company, N.A., Bank of America, BAC Home Loans Servicing, LP, Mortgage Electronic Registration Systems, Inc., and Countrywide Home Loans, Inc.

　　　　　　　　　　　　　　　　　　　　 */s/ John R. Conway*_____
　　　　　　　　　　　　　　　　　　　　 an employee of Rosenfeld Roberson & Rinato