UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CONNIE W. KWOK, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:10-cv-00215-GMN-RJJ |
| vs. ) | |
| ) | **ORDER** |
| RECONTRUST COMPANY, N.A., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Connie W. Kwok has sued Defendants Recontrust Company, N.A.; Bank of America; BAC Home Loans Servicing, LP; Mortgage Electronic Registration System, Inc., and Countrywide Home Loans on multiple causes of action related to the foreclosure of her mortgage. Pending before the Court is Defendants' Motion to Dismiss (ECF No. 10); Plaintiff's Response (ECF No. 15); and Defendants' Reply (ECF No. 18). For the reasons given herein, the Court will GRANT the Motion to Dismiss (ECF No. 10). Plaintiff's claims for Unjust Enrichment and Contractual Breach of the Duty of Good Faith and Fair Dealing will be dismissed without leave to amend. All of Plaintiff's other causes of action will be dismissed with leave to amend.

**I.   BACKGROUND**

Plaintiff sued Defendants in state court on eleven "causes of action": (1) Misrepresentation and Fraud by Omission; (2) Quiet Title; (3) Contractual Breach of the Duty of Good Faith and Fair Dealing; (4) Tortious Breach of the Duty of Good Faith and Fair Dealing; (5) Civil Conspiracy; (6) Civil RICO and Racketeering; (7) Unjust Enrichment; (8) Conspiracy to Commit Fraud Related to the MERS System; (9) Fraud; (10) Injunctive Relief; and (11) Declaratory Relief. Defendants removed, and the case was assigned to this

Court.

Defendants have since filed a Motion to Dismiss (ECF No. 10), contending that none of Plaintiff's causes of action properly state a claim upon which relief can be granted.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

## III.   DISCUSSION

### A.    Misrepresentation and Fraud by Omission

Misrepresentation is a form of fraud in which a false representation is relied upon by the

injured party. *Pacific Maxon, Inc. v. Wilson*, 619 P.2d 816, 871 (Nev. 1980). Misrepresentation and all other fraud claims must be pleaded with particularity pursuant to Federal Rule of Civil Procedure 9(b).  In order to plead fraud with particularity, a plaintiff must plead "the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG, LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Here, Plaintiff pleads generalized grievances concerning the lending practices of Defendants, lumping all five Defendants together under the title "Defendants" when referring to them.  Specific times and places relevant to specific false representations are not pleaded, nor does Plaintiff specify the identities of the particular parties making the false representations. Thus, this claim does not meet the Rule 9(b) particularity requirement and will be dismissed with leave to amend.

### B.   Contractual Breach of the Duty of Good Faith and Fair Dealing

Plaintiff alleges that Defendants breached their duty of good faith and fair dealing "by engaging in predatory, unethical, and unfair, and unsound lending practices." (Compl. ¶ 62, ECF No. 1.)  In Nevada, "every contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *Robins v. Wolf Firm*, No. 2:10-cv-00424-RLH-PAL, 2010 WL 2817202, at *4 (D. Nev. July 15, 2010).  However, "[a] party cannot breach the covenant of good faith and fair dealing before a contract is formed." *Id.*

Like the plaintiff in *Robins*, Plaintiff only claims that Defendants' actions *prior* to the formation of the mortgage contracts led to a breach of their duty of good faith and fair dealing. Thus, even if Plaintiff's allegations are true, "they fail to establish that Defendants were unfaithful to the purpose of the mortgage contract after it was formed." *Id.*  Accordingly, this claim is dismissed without leave to amend, as further amendment would be futile.

### C.   Tortious Breach of the Duty of Good Faith and Fair Dealing

Breach of the implied covenant of good faith and fair dealing is normally a contract

claim. *See A.C. Shaw Constr., Inc. v. Washoe County*, 784 P.2d 9, 9-10 (Nev. 1989).  However, a claim for tortious breach of the implied covenant of good faith and fair dealing can be brought if the plaintiff can show a special reliance or fiduciary duty between the plaintiff and the defendant. *See Aluevich v. Harrah's*, 660 P.2d 986, 987 (Nev. 1983).

Plaintiff's claim fails because she has failed to plead a legally cognizable special reliance or fiduciary duty between herself and Defendants.  Although she claims that Defendants owed her a fiduciary duty, which included ensuring that she received all required disclosures, courts in this District have repeatedly held that a lender owes no fiduciary duty to a borrower absent exceptional circumstances.  *See, e.g., Hall v. MortgageIt, Inc.*, No. 2:09-cv-02233-JCM-GWF, 2011 WL 2651870, at *2 (D. Nev. July 6, 2011). Here, Plaintiff has pleaded nothing more than typical borrower/lender and borrower/loan servicer relationships; therefore, this claim will be dismissed with leave to amend.

### D. Civil Conspiracy

In order to plead an actionable claim for civil conspiracy, a plaintiff must plead that two or more entities intended to accomplish an unlawful objective, by acting in concert, for the purpose of harming the plaintiff, and that the plaintiff was damaged as a result. *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 862 P.2d 1207, 1210 (Nev. 1993).  Plaintiff contends that Defendants entered into a conspiracy "for the common purpose of accruing economic gains for themselves at the expense of the Plaintiff," (Compl. ¶ 69, ECF No. 1); however, Plaintiff provides no further information specifying how all of the various Defendants actually coordinated their activities or worked together to harm her.  Accordingly, Plaintiff has failed to state a claim for conspiracy.  As the court in *Robins* stated when faced with substantially identical allegations:

> In the Court's view, [Plaintiffs'] conclusory assertion that Defendants engaged in a conspiracy in order to obtain "economic gains" does not state a viable claim under *Twombly* because [Plaintiffs'] do not indicate exactly what the conspiracy was or how

> each individual Defendant was a part of it. Without this information, the Court has to speculate regarding the specific details of the alleged conspiracy and how it involves each Defendant.

*Robins*, 2010 WL 2817202, at *4. This Court agrees. Plaintiff's claim is dismissed with leave to amend.

### E.   Civil RICO and Racketeering

Plaintiff claims that Defendants engaged in racketeering activity intended "to perpetuate fraud upon the Plaintiff through the use of intentional nondisclosure, material misrepresentation, and creation of fraudulent loan documents." (Compl. ¶ 72, ECF No. 1.) Because Plaintiff alleges that the alleged activity was undertaken in order to defraud her, this claim must be pleaded with Rule 9(b) particularity. *Robins*, 2010 WL 2817202, at *2. However, Plaintiff's allegations fail to comply with this pleading standard, as Plaintiff fails to specify how each Defendant participated in the alleged enterprise and when and how the enterprise was initiated. This claim will therefore be dismissed with leave to amend.

### F.   Unjust Enrichment

Without providing any supporting facts or arguments, Plaintiff claims that "Defendants have been unjustly enriched by their illegal and fraudulent actions." (Compl. ¶ 75, ECF No. 1.) However, even if Plaintiff had pleaded facts sufficient to support an unjust enrichment claim, a claim for unjust enrichment cannot stand when, as here, there are express, written contracts--such as the deeds of trust and promissory notes--that govern the relationships between the parties. *See Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997). Accordingly, this cause of action is dismissed without leave to amend.

### G.   Conspiracy to Commit Fraud Related to the MERS System

Plaintiff contends that "the corporate Defendants did knowingly conspire to engage in a scheme to promote, encourage, and facilitate fraudulent and predatory lending and foreclosure

practices which eroded the national real estate market, including the Nevada real estate market." (Compl. ¶ 77, ECF No. 1.)  However, Plaintiff fails to plead this claim with the particularity required by Rule 9(b). *See Anderson v. Deutsche Bank Nat'l Trust Co.*, No. 2:10-cv-01443-JCM-PAL, 2010 WL 4386958, at *4 (D. Nev. Oct. 29, 2010) ("To allege a conspiracy to defraud, a complaint must meet the particularity requirements of Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining the conspiracy.").  Plaintiff fails to plead with particularity the time, place, and content of the alleged fraudulent activities, and also fails to plead which Defendants are responsible for which acts.  Accordingly, this claim must be dismissed with leave to amend.

### H.     Fraud

As explained above, fraud claims must be pleaded with particularity.  Here, Plaintiff pleads that Defendants obtained her signature by false pretenses, but again lumps all five Defendants together under the title "Defendants" when referring to them.  Specific times and places relevant to specific instance of false statements are not pleaded, nor does Plaintiff specify the identities of the particular parties operating under false pretenses.  Thus, this claim will be dismissed with leave to amend.

### I.     Quiet Title

An action for quiet title is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon her title to the property. *Anderson v. Deutsche Bank National Trust Co.,* No. 2:10-cv-01443-JCM-PAL, 2010 WL 4386958, at *5 (D. Nev. Oct. 29, 2010). In Nevada, a widely accepted rule in such actions is that the party must tender the undisputed amount due and owing in order to challenge the validity of the foreclosure sale. *Id.* In essence, she who seeks equity must do equity. *Id.* Because Plaintiff has not indicated that she tendered the full amount owing under the notes, this claim is dismissed with leave to amend.

### J. Injunctive & Declaratory Relief

As all of Plaintiff's substantive claims have been dismissed, she is not entitled to Injunctive or Declaratory Relief.

### CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED**. Plaintiff's claims for Unjust Enrichment and Contractual Breach of the Duty of Good Faith and Fair Dealing are **DISMISSED without leave to amend**. All of Plaintiff's other causes of action are **DISMISSED with leave to amend**. Plaintiff may file an Amended Complaint correcting the deficiencies in the current Complaint by August 4, 2011. This is a firm date and no extensions will be given. Failure to file an Amended Complaint by that date will result in the dismissal of this lawsuit with prejudice.

DATED this 22nd day of July, 2011.

_____
Gloria M. Navarro
United States District Judge